MARC P. COOK, ESQ.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 South Ninth Street
Las Vegas, Nevada 89101
Phone: (702) 737-7702
Fax: (702) 737-7712
E-mail: mcook@bckltd.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LEE BARBER, | Case Number: |
| Plaintiff, | 2:23-cv-00776-RFB-EJY |
| v. | |
| NRG XPERTS NV LLC, a Nevada Limited-Liability Company; JEFFREY B. IVERSON, an individual; BREANN MCCULLOCH, an individual; JESSE MCCULLOCH, an individual; and DOE INDIVIDUALS I through XX, inclusive; ROE ENTITIES I through XX, inclusive, | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Local Rule 26-1(b), and the Court's Minute Order of August 21, 2023 [ECF #11], Plaintiff, Lee Barber, by and through his counsel of record, Marc P. Cook, Esq. of the law firm of Cook & Kelesis, Ltd., and Defendants, NRG Xperts NV LLC, Jeffrey B. Iverson, Breann McCulloch and Jesse McCulloch, by and through their counsel of record, Michael C. Van, Esq., of the law firm VC2 Law, hereby submit the following revised Discovery Plan and Proposed Scheduling Order with Special Scheduling Review Requested.

The parties telephonically held their FRCP 26(f) conference on August 15, 2023 at which

1

time the following was agreed upon:

## I.

## DISCOVERY PLAN [FRCP 26(f)(3)]

 A. **Initial Disclosures**.

Plaintiff has served his Initial Disclosures upon the Defendants on August 10, 2023. Pursuant to FRCP 26(a)(1)(C), Defendants will make their Initial Disclosures on or before fourteen (14) days from the date of the Rule 26 Conference.  The parties propose no changes to the timing, form, or requirement for disclosures under FRCP 26(a).

 B. **Areas of Discovery**.

The parties agree that the areas of discovery should include, but not be limited to, any discovery permitted to the Federal Rules of Civil Procedure, necessary to support the claims and defenses asserted in the parties' pleadings.

 C. **Issues Regarding Disclosure, Discovery or Preservation of Electronically Stored Information**.

The parties agree at this time that there are no current issues regarding the disclosure, discovery, or preservation of electronically stored information in this matter, if any exists, nor do they have any current issues regarding the form or forms in which it should be produced. However, should any issues arise in the future, the parties reserve their individual rights to bring those matters before the Court for decision.

 D. **Claims of Privilege or Protection as Trial-Preparation Materials**.

The parties agree at this time that there are no current issues regarding claims of privilege or protection as trial-preparation materials.  However, should any issues arise in the future, the parties reserve their individual rights to bring those matters before the Court for decision.

E.  **Changes to Discovery Limitations**.

The parties agree at this time that there should be no changes made to the limitations on discovery other than the close of discovery date, however, should any issues arise in the future, the parties reserve their individual rights to bring those matters before the Court for decision.

F.  **FRCP 26(c), FRCP 16(b) and 16(c) Additional Orders**.

Other than the parties' request for an extension of the close of discovery date (discussed in more detail below), there are no other orders the Court should issue at this time.  However, should any issues arise in the future, the parties reserve their individual rights to bring those matters before the Court for decision.

II.

**SCHEDULING ORDER AND APPLICABLE DEADLINES [LR 26-1(b)(1) – (9) and (c)]**

A.  **Discovery Cut-Off Date**.

The Defendants filed their Answer on June 16, 2023.  The parties agree that it should not take more than three hundred and two (302) days from the date Defendants filed their answer to complete discovery in this matter.  Accordingly, all discovery must be completed no later than April 12, 2024.  The parties are requesting this additional discovery time as Defendants' counsel has trial dates in three of his other cases all taking place at and around the end of 2023 which coincides with a standard discovery closing in this case and counsel want to avoid this conflict in advance.  Counsel for Plaintiff does not oppose this request for extension of time.

B. **Amending Pleadings and Adding Parties**.

The parties agree that the last date to amend pleadings or add parties should take place 90 days before the close of discovery.  That date will be January 15, 2024.

C.  **Initial Expert Disclosures.**

The parties agree that the last date to disclose experts should take place 60 days before the close of discovery.  That date will be February 12, 2024.

D.  **Rebuttal Expert Disclosures.**

The parties agree that the last date to disclose rebuttal expert disclosures should take place 30 days after the initial disclosure of experts.  That date will be March 15, 2024.

E.  **Dispositive Motions.**

The parties agree that the deadline for filing dispositive motions should be 30 days after the close of discovery.  That date will be May 13, 2024.

F.  **Pretrial Order.**

The parties agree that the joint pretrial order should be filed 30 days after the deadline to file dispositive motions.  That date will be June 11, 2024.  Should there be any dispositive motion(s) filed, the deadline for filing the joint pretrial order should be suspended until 30 days after the Court's decision on the dispositive motion(s) or further court order.

G.  **FRCP 26(a)(3) Disclosures.**

The parties agree that the pretrial disclosures and any objections thereto should be included in the joint pretrial order.

H.  **Alternative Dispute Resolution.**

The parties have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration, and early neutral evaluation.

I.  **Alternative Forms of Case Disposition.**

The parties have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01).

**J. Electronic Evidence.**

The parties agree that they are unable to fully consider presenting their evidence in electronic format and have not yet stipulated regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system. The parties will be in a better position to make these determinations after they conduct discovery in this matter.

If the Court has questions regarding any of the dates proposed by the parties, the parties request a conference with the Court before the entry of the Scheduling Order. If the Court does not have any questions, the parties do not request a conference with the Court.

## III.

## EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER [LR 26-3]

All motions or stipulations to extend any of the deadlines set forth in this joint discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline, must satisfy the requirements of LR IA 6-1, and be supported by good cause for the extension. See LR 26-3(a) – (d).

DATED this 31st day of August, 2023.   DATED this 31st day of August, 2023.

COOK & KELESIS, LTD.                    VC2 LAW

  /s/ Marc P. Cook                       /s/ Michael C. Van
MARC P. COOK, ESQ. (4574)               MICHAEL C. VAN, ESQ. (3876)
517 S. Ninth Street                     8985 S. Eastern Avenue, Ste. 100
Las Vegas, Nevada 89101                 Las Vegas, Nevada 89123
*Attorneys for Plaintiff*               *Attorneys for Defendants*

**IT IS SO ORDERED:**

_[signature]_
UNITED STATES MAGISTRATE JUDGE

DATED: August 31, 2023